**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In the Matter of

VINCENT D. IOCOVOZZI,

                Debtor.

Case No.: 13-62035
Chapter 13

## SUPPLEMENTAL OBJECTION TO CONFIRMATION

      BonNette L. Iocovozzi, through her attorney, hereby supplements her objection to the debtor's Chapter 13 Plan dated December 19, 2013 on the following grounds.

**The Plan Provides That Non-Essential Assets Remain Property of the Estate until the Plan is Completed.**

      The debtor owns unencumbered real estate located at 206-212 Mary Street, Frankfort; 327 S. Washington Street, Herkimer; 335 S. Washington Street, Herkimer and Cemetery Street, Frankfort, which parcels are not related to the debtor's funeral home business. In addition, the debtor owns a 2003 Harley-Davidson motorcycle which is a luxury item and a 2008 Dodge Ram pick-up truck which does not appear to be used in the funeral home business or for any other essential purpose. Since these items are not exempt and are not being liquidated under the plan and are actually financially burdensome to the estate, there are no justifiable reasons that they should remain property of the bankruptcy estate. Instead, the assets should revert to the debtor and become available to satisfy any outstanding domestic support obligations.

**The Plan Does Not Estimate The Equitable Distribution Claim**

      The debtor did not listed BonNette L. Iocovozzi's equitable distribution claim on the schedules attached to his petition. He did, however, acknowledge such a claim in his Chapter 13 Plan. The plan indicates that all general unsecured claims will be paid in full, but does not reveal the amount of the equitable distribution claim or indicate how it will be paid. Without such

1

information it is impossible to determine whether the plan is feasible. This lack of information also prejudices the creditor since she cannot determine what will be paid to her under the plan.

The plan also fails to provide for a claim for maintenance.

**The Plan Does Not Provide For Paying Interest on The Priority Claims**

The debtor acknowledges that the debt created by the Order of Supreme Court, Herkimer County, is a domestic support obligation entitled to priority status under the Bankruptcy Code. The plan allows the claim and indicates that it will be paid in full. The plan does not, however, provide for the payment of interest on the claim even though under 11 USC § 101 (14A) the term "domestic support obligation" includes accrued interest.

**The Lifting of the Automatic Stay is Meaningless if the Plan Does Not Provide For the Immediate Payment of Interim Attorney Fees and Expert Witness Fees.**

Under state law BonNette L. Iocovozzi is entitled to an award of equitable distribution of marital property upon the dissolution of her marriage if she can prove acquisition of property or its appreciation in value during the course of the marriage. She may also be entitled to an award of maintenance.  The debtor's financial affairs, however, are so confused and so intertwined with those of his corporation that not even the Chapter 13 trustee can resolve the liquidation issue with any degree of certainty.  In addition, the scheduled property values are speculative and the debtor has engaged in at least one unscheduled mortgage transaction.  One of the consequences of this Chapter 13 filing is the inability of BonNette L. Iocovozzi to fund the retention of professional services necessary to assist her in meeting her burden of proof in the pending matrimonial action which was commenced by the debtor.

It is disingenuous for the debtor to state that he will consent to an order lifting the automatic stay unless that order permits BonNette L. Iocovozzi and the state court to enforce the order directing the payment of temporary fees and further permits the state court to determine the issues

2

of equitable distribution and maintenance.

**WHEREFORE**, Movant respectfully requests that Confirmation be denied and for such further relief as the Court deems appropriate.

| | |
|---|---|
| Dated: April 10, 2014 | /s/ Thomas P. Hughes |
| | Thomas P. Hughes, Esq. |
| | Attorney for BonNette Iocovozzi |
| | Office and Post Office Address |
| | 23 Oxford Road |
| | New Hartford, New York  13413 |
| | Telephone No.:  (315) 223-3043 |
| | Bar Roll No.:  103019 |