**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

In the Matter of

VINCENT D. IOCOVOZZI,

        Debtor.                                  Case No.: 13-62035
                                                           Chapter 13

**OPPOSITION TO OBJECTION TO CLAIM**

     BonNette L. Iocovozzi, by her attorney, Thomas P. Hughes, Esq., opposes the debtor's motion insofar as it objects to the three claims she filed in this case.

     1.     BonNette L. Iocovozzi is the wife of the debtor who commenced a second action for divorce in New York State Supreme Court on May 24, 2011. Pursuant to 11 USC §362 certain portions of that proceeding are stayed as a matter of law. Among the activities that are stayed are the collection of a domestic support obligation from property of the estate and the equitable division of property that is property of the estate. Because BonNette L. Iocovozzi, the defendant in the matrimonial action, cannot collect an interim award of attorney's fees and expert witness fees she is, for all practical purposes, precluded from establishing her right under state law to maintenance and to her equitable share of the parties' marital property.

     2.     Bankruptcy Rule 3007(c) states that, unless otherwise permitted, "objections to more than one claim shall not be joined in a single objection." Although it is not clear that the debtor is objecting to the three claims in the traditional sense, it seems that the debtor should have moved separately on each claim.

     3.     Claim No. 10 refers to the interim order of New York State Supreme Court. It is fixed and liquidated although it is apparently under appeal. The debtor has admitted the validity of the claim in his plan and in these moving papers. The claim is no more subject to disallowance than any other state court money judgment or order.

4. Claim No. 11 and Claim No. 12 are estimated because they have not yet been determined by the state court. They are not liquidated because of two events. First, the debtor refused to pay the interim fees as directed by the state court judge and second, the debtor invoked the automatic stay by commencing this bankruptcy case. He should not be heard to complain that the amounts of the claims are estimated when he is the party who has delayed the resolution of the matrimonial case.

5. Objections have been made to the original plan for various reasons including "bad faith." It would be a demonstration of "good faith" for the debtor to consent to an order of this Court lifting the automatic stay to allow the state court to proceed with all aspects of the matrimonial action including enforcement of the existing domestic support obligation against the debtor's exempt property.

6. It should also be noted that under New York law marital property subject to equitable distribution includes appreciation of what would otherwise be separate property if the non-titled spouse contributed to that increase in value. Under this theory a portion of the debtor's businesses and real estate holdings may be determined to be marital property. Unfortunately, unless the debtor pays the interim fee award it will be next to impossible for BonNette L. Iovovozzi to prove her entitlement to the appreciation or to a full award of maintenance based on a disparity of income.

Dated: June 11, 2014         /s/ Thomas P. Hughes
                             Thomas P. Hughes, Esq.
                             Attorney for  BonNette Iocovozzi
                             Office and Post Office Address
                             23 Oxford Road
                             New Hartford, New York  13413
                             Telephone No.:  (315) 223-3043
                             Bar Roll No.:  103019