| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF NEW YORK | HEARING DATE: July 24, 2014<br>HEARING TIME:  9:30 A.M.<br>HEARING PLACE:  Utica |

In the Matter of

VINCENT D. IOCOVOZZI,

        Debtor.                                                            Case No.:  13-62035
                                                                                      Chapter 13

## MOTION TO MODIFY AND TERMINATE
## THE AUTOMATIC STAY

**TO THE HONORABLE DIANE DAVIS**
**UNITED STATES BANKRUPTCY JUDGE**

       The Motion of BonNette Iocovozzi, respectfully represents:

       1.       This is a motion brought pursuant to 11 U.S.C. §362(d) and Bankruptcy Rules 4001 and 9014, to obtain relief from the automatic stay provisions of the Bankruptcy Code.  This Court has jurisdiction of this proceeding

       2.       The Movant is a creditor of the Debtor by virtue of three claims.   The first claim arises from a pre-petition non-dischargeable domestic support obligation in the amount of $22,500.  The second and third claims are for equitable distribution and maintenance in amounts to be determined in a matrimonial action pending in New York State Supreme Court, Herkimer County.

       3.       The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 20, 2013, a little more than a month after the state court directed him to pay attorney fees and expert witness fees in the pending divorce proceeding.  Although the Debtor filed a proposed Chapter 13 Plan with the petition the confirmation hearing on that plan was adjourned twice and a first amended plan has now been scheduled for confirmation on July 24, 2014.  The hearing on that plan is likewise likely to be adjourned for various reasons including the fact that

the debtor has not prepared a liquidation analysis. According to the amended plan the Debtor intends to pay the pre-petition domestic support obligation in installments over the five year life of the plan and further intends to pay the equitable distribution and maintenance claims out of the proceeds of a legal malpractice lawsuit that was initiated without court approval.

4.    In 2009 the Debtor commenced a divorce action against the Movant in Herkimer County. That proceeding was voluntarily discontinued in 2011 about the time New York State enacted a true "no fault" divorce law.

5.    A second divorce action was commenced by the Debtor on May 24, 2011. The Debtor's Complaint alleged that the parties' marriage had "irretrievably broken down" and requested a judgment of divorce and ancillary relief including the enforcement of a prenuptial agreement dated October 23, 2003. The Movant served a timely Answer and Counterclaim asking for equitable distribution and maintenance among other things.

6.    In the course of the divorce proceeding the state court found the pre-nuptial agreement had been rendered unenforceable. In June 2013 that interim order was affirmed by the Appellate Division. Thereafter the state court directed the Debtor to pay on behalf of the Movant interim attorney fees and expert witness fees so that the Movant would be able to finance the prosecution of her counterclaim. The Debtor did not comply with the state court order. Instead, according to the information found on Amended Schedule D, he borrowed $5,000 from his sister to "retain new divorce attorney" and then commenced this bankruptcy case. As security for the loan, the Debtor conveyed a mortgage on his residence thereby violating the order of the state court that neither party to the divorce proceeding encumber any property.

7.    Pursuant to 11 USC §362 the filing of this Chapter 13 case instituted the automatic stay. Although the section 362 stay does not apply to the state court divorce proceeding insofar as the dissolution of the marriage or imposition of maintenance is concerned it does prevent the

state court from deciding the issue of equitable distribution of marital property and it does prevent the state court from enforcing its order that the Debtor pay the Movant's litigation expenses. The stay also prevents the Movant from collecting the outstanding domestic support obligation from property of the bankruptcy estate. If the Movant cannot collect the funds owed to her pursuant to the domestic support order she will not be able to litigate the complicated issues of her entitlement to maintenance and to equitable distribution of marital property.

8. Pursuant to 11 USC §362(d)(1) a bankruptcy court may terminate, annul, modify or condition the automatic stay "for cause." In determining whether sufficient "cause" exists to lift the automatic stay to permit the continuation of a pending state court divorce proceeding bankruptcy courts have considered such traditional stay relief factors as:

> "(1) whether the relief would result in partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *In re Cole*, 202 B.R. 356, 361 FN6 (Bkrtcy S.D.N.Y. 1996) quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, at 1286 (2d Cir. 1990).

9. In this case the Movant will be substantially prejudiced if the automatic stay is not lifted or modified to permit the Movant to enforce the state court domestic support order against exempt property and to allow the Movant to prosecute her counterclaims. The requested relief would allow the state court to determine issues that must be resolved before this case can be confirmed, primarily the amount of post-petition maintenance the debtor will be obligated to pay

and the amount of the equitable distribution claim. Stay relief would not interfere with the bankruptcy case and would allow a specialized tribunal to relieve this court of the necessity of deciding issues not regularly encountered in a Chapter 13 case. (See, *In re Taub*, 413 B.R. 55 [EDNY 2004])

**WHEREFORE**, the Movant respectfully requests that an Order be granted lifting the automatic stay to permit the Herkimer County Supreme Court and the Movant to enforce the pre-petition domestic support order by contempt or by execution against exempt property of the debtor and to permit the trial of the divorce action to proceed to judgment with enforcement of the judgment to be subject to this Court's jurisdiction.

Dated: June 16, 2014
/s/ Thomas P. Hughes
Thomas P. Hughes, Esq.
Attorney for BonNette Iocovozzi
Office and Post Office Address
23 Oxford Road
New Hartford, New York 13413
Telephone No.: (315) 223-3043
Bar Roll No.: 103019