So Ordered.

_____
Diane Davis
United States Bankruptcy Judge

Signed this 1 day of July, 2014.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

VINCENT D. IOCOVOZZI,          Case No. 13-62035
                               Chapter 13

Debtor.

## SECOND INTERIM ORDER

GPO Federal Credit Union ("GPO") a secured creditor of the Debtor, having moved upon the affidavit of its counsel, Patrick G. Radel, Esq., for an Order lifting the automatic stay pursuant to 11 U.S.C. §362(d)(1); lifting the co-debtor stay pursuant to 11 U.S.C. §1301(c) as against Bonnette L. Iocovozzi; waiving the stay of Order pursuant to Rule 4001 (a)(3) of the Federal Rules of Bankruptcy Procedure; permitting GPO to foreclose on its first priority security interest in the collateral security; granting GPO an allowed unsecured claim with respect to any deficiency balance that may exist after the sale of the real property; granting GPO attorneys' fees and costs pursuant to

G0270145.1

11 U.S.C. §506(b); or, in the alternative, directing the Debtor to make adequate protection payments pursuant to 11 U.S.C. §361 (1) (Docket No. 15); and the motion having been heard at a term of this Court held on June 19, 2014, in Utica, New York; and Patrick G. Radel, Esq., having appeared on behalf of GPO, and Carol A. Malz, Esq., having appeared as counsel for the Debtor, and Maxsen Champion having appeared for the Chapter 13 Trustee; and counsel for the parties have engaged in discussions and reached an agreement in resolution of GPO's motion;

**NOW, THEREFORE**, upon the consent of the parties, it hereby is

**ORDERED**, that the Chapter 13 Trustee shall continue making interim pre-confirmation adequate protection payments of $540.00 per month to GPO; and it is further

**ORDERED**, that the Debtor shall make additional adequate protection payments to GPO on the 15th days of July, August, and September 2014, in an amount equal to the rental income (net reasonable and customary expenses) received by the Debtor with respect to certain real property located in Exeter, New York (the "camp property") and pledged as collateral to secure GPO's claim; and it is further

**ORDERED**, that the foregoing paragraphs shall not be deemed a final determination of this Court with regard to the appropriate level of adequate protection and/or the continuation of the automatic stay beyond the adjourned hearing with regard to GPO's motion, and the parties' rights are expressly reserved; and it is further

**ORDERED**, that the adequate protection payments shall be made to GPO's counsel, Getnick Livingston Atkinson & Priore, LLP, Patrick G. Radel, Esq., 258 Genesee Street, Suite 401, Utica, New York 13502; and it is further

**ORDERED**, that on the 15th days of July, August, and September 2014, the Debtor shall

G0270145.1

provide rental receipts to GPO's counsel at the address above, along with an accounting of the expense deductions; and it is further

**ORDERED**, that GPO shall escrow the adequate protection payments and utilize the same to pay the 2014-15 school taxes due with respect to the camp property, with any sum remaining after payment of the taxes being credited toward the principal balance of GPO's allowed secured claim; and it is further

**ORDERED**, that if the Debtor fails to make a payment or provide information due hereunder and fails to cure such default upon seven (7) days written notice, with such notice to be electronically filed with the Court and served upon the Debtor via first class mail, GPO shall be entitled to the stay relief and co-debtor stay relief requested in its motion upon an ex parte application; and it is further

**ORDERED**, that GPO's motion is adjourned to September 18, 2014, at 9:30 a.m., in Utica, New York.

###

G0270145.1