UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

IN RE:

    VINCENT D. IOCOVOZZI,

MOTION FOR RELIEF FROM
AUTOMATIC STAY AND FROM
CODEBTOR STAY

Chapter 13
Case No. 13-62035-6-dd

Debtor

    Directors Choice Credit Union, (hereinafter Credit Union), a secured creditor, by its attorney, Richard D. Symansky, P.C., hereby moves for an order terminating the stay imposed by 11 U.S.C. Sections 362(d) and 1301 based upon the following:

    1. Directors Choice Credit Union is a credit union organized and existing under the laws of the State of New York with an office for the transaction of business at 1 South Family Drive, Albany, New York 12205

    2. The debtor, Vincent D. Iocovozzi filed a petition under Chapter 13 of the Bankruptcy Code in this Court on December 20, 2013.

    3. The Credit Union is the holder of two secured claims in this case:

    a. Claim #3 in the amount of $35,522.30 is evidenced by a promissory note dated November 28, 2011, which recited that the borrower was Petykiewicz, Iocovozzi & Burns Funeral Home and was signed by the debtor, Vincent D. Iocovozzi. This loan is secured by a 2006 Cadillac Limousine bearing VIN 1GEEH96Y66U550425, title to which is in the name of Vincent D. Iocovozzi and by a 2004 Cadillac Suburban bearing VIN 1GEEH90Y34U550422, title to which is in the name of V. J. Iocovozzi Funeral Home, Inc. Copies of the loan agreements and Notices of Recorded Liens for this claim are submitted herewith as collective Exhibit A.

    b. Claim #4 in the amount of $39,831.06 is evidenced by a promissory note and security agreement dated December 21, 2011, which recited that the borrower was Petykiewicz, Iocovozzi & Burns Funeral Home and was signed by the debtor, Vincent D. Iocovozzi. This loan is secured by a the following, all of which are titled in the name of the debtor, Vincent D. Iocovozzi:

    i. 1998 BMW Model 740, bearing VINWBAGF8320WDL53071.

    ii. 2003 Harley Davidson Motorcycle, bearing VIN 1HD1FRW443Y721623

   iii. 2008 Dodge - R-25, bearing VIN 3D7KS28D18G224669

   iv. New Holland Tractor. Model TC55 with snowblower, SN #HX10254

   v. New Holland Bucket Loader, SN #YL456489

  Copies of the loan agreements and Notices of Recorded Liens for this claim are submitted herewith as collective Exhibit B.

  4. As set forth on the Corporation - Certificate of Assumed Name, annexed hereto as Exhibit C, Petykiewicz, Iocovozzi & Burns Funeral Home is an assumed name for V. J. Iocovozzi Funeral Home, Inc.

  5. On or about November 8, 2011, the debtor, Vincent D. Iocovozzi, executed a guaranty of the present and future obligations of V. J. Iocovozzi Funeral Home, Inc.. A copy of the said guaranty is submitted herewith as Exhibit D.

  6. By virtue of the aforesaid loan documents, V. J. Iocovozzi Funeral Home, Inc., dba Petykiewicz, Iocovozzi & Burns Funeral Home, is a co-obligor of the debtor, Vincent D. Iocovozzi.

  7. The last payment made by Petykiewicz, Iocovozzi & Burns Funeral Home on the loan constituting Claim #3, was made on June 16, 2014 in the amount of $737.51. This payment was applied to the installment that was due on January 28, 2014. The loan is now six months in arrears.

  8. The last payment made by Petykiewicz, Iocovozzi & Burns Funeral Home on the loan constituting Claim #4, was made on June 16, 2014 in the amount of $460.08. This payment was applied to the installment that was due on February 21, 2014. The loan is now five months in arrears.

  9. As set forth in Schedule D of the debtor's petitions, the debtor does not have any equity in the collateral, which, by its nature, continues to diminish on value.

  10. The debtor's proposed Chapter 13 plan makes no provision for payment of the amounts owed to the Credit Union and therefore totally fails to offer protection, adequate or otherwise, to the Credit Union.

  11. The Credit Union is stayed from proceeding against V. J. Iocovozzi Funeral Home, Inc., dba Petykiewicz, Iocovozzi & Burns Funeral Home, due to the pendency of the debtor's current Chapter 13 proceeding.

  12. By reason of the foregoing, it is requested that the Credit Union be granted relief from the automatic stay as it applies to the collateral above described and further that the comaker stay be

terminated so that the Credit Union may proceed against V. J. Iocovozzi Funeral Home, Inc., dba Petykiewicz, Iocovozzi & Burns Funeral Home to recover the full amount owed.

      13. Credit Union acknowledges that any surplus funds that it may recover after disposition of the collateral, title to which is held by debtor, will be turned over to the Chapter 13 Trustee.

      WHEREFORE, pursuant to 11 U.S.C. Sections 362(d) and 1301(c), petitioner requests that this Court terminate automatic stay as it applies to the collateral above described and further that the comaker stay be terminated so that the Credit Union may proceed against V. J. Iocovozzi Funeral Home, Inc., dba Petykiewicz, Iocovozzi & Burns Funeral Home to recover the full amount owed., together with such other and further relief as the Court may deem just and proper.

DATED: July 31, 2014                              RICHARD D. SYMANSKY, P.C.

                                                    /s/ Richard D. Symansky
                                          By:_____
                                          Richard D. Symansky, Esq.
                                          Attorney for Directors Choice Credit Union
                                          P.O. Box 479
                                          Troy, New York 12181
                                          (518) 273-7005