UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re                                                                        Chapter 13
    Vincent D. Iocovozzi                                              Case no. 13-62035-6-dd
        Debtor

## DEBTOR'S OBJECTIONS

Debtor, Vincent D. Iocovozzi, submits the following objections to the Pre-Hearing Statement of Creditor BonNette L. Iocovozzi.

1. Debtor objects to issue 1a – the treatment of the domestic relations order. This court heard the parties' arguments regarding the state domestic relations order in the Debtor's motion to determine claims, and in the Creditor's motion for relief from stay, and issued orders as to same. Those decisions are the law of the case. (Docket nos. 73 and 96). The Creditor was granted relief from the stay in order to have the state court(s) make further findings.

2. Debtor objects to issue 1d – the failure to treat the debtor's business organization as his alter ego. The Debtor submits that such an issue is beyond the jurisdiction of this court. Essentially, the Creditor seeks an order determining that the corporation is not a separate entity. However, the corporation is a separate entity with numerous creditors and debts. Only a portion of the corporation's creditors are known to this court, as many of the corporation's debts are not personally guaranteed by the Debtor. The corporation files corporate tax returns and has several employees, including the Debtor.

This is not an issue of piercing the corporate veil. That doctrine is used to pierce through a corporation to officers to hold them personally liable. The Debtor is already personally liable for any monies owed Creditor BonNette Iocovozzi as he, and not the corporation, was married to her.

3. Debtor objects to issue 1c – the feasibility of the plan. Currently, the Creditor is in no danger of not being paid the $3.00 owed on her claims. The Creditor should not be able to hold up the confirmation of the plan, which is feasible now that a settlement was reached with GPO Federal Credit Union. Moreover, this is a 100% Plan, and property can be sold should payments ever fall short. This is a matter of mathematics and does not require a hearing --- either the figures calculate correctly, or they do not.

4. Debtor objects to issue 1b – the lack of good faith in the filing of the petition. This argument was made in the prior motions. The Creditor was granted a modified relief from the stay in order to have the state court(s) make determinations on equitable distribution and maintenance. The Debtor respectfully submits that there is a lack of good faith on the part of the Creditor in attempting to renew these issues. The Creditor has an avenue of relief. The Creditor is not prejudiced, as the Creditor is permitted to amend her claims once she has state court findings, regardless of the Plan having been confirmed in the interim.

5. Debtor objects to Exhibit B. Lack of foundation. It is an unauthenticated document, apparently by someone who filled it in based on information obtained over the phone. Neither the Creditor nor the Debtor can authenticate this document written by a third party non-witness. Federal Rules of Evidence 901.

6. Debtor objects to Exhibits A and C. Lack of foundation. Presumably, the Creditor is anticipating that the Debtor will authenticate these photocopies. Federal Rules of Evidence 901.

7. Debtor objects to Exhibit D. Lack of foundation. It is an unauthenticated and apparently a partial document. Federal Rules of Evidence 901.

8. Debtor objects to Exhibits A, B, C and D as irrelevant to this proceeding. Federal Rule of Evidence 401-402. The documents do not contain any information that is probative of values and amounts owed at the time this bankruptcy case was filed. The documents contain estimations. There is no expert opinion or appraisal.

9. Debtor objects to Exhibits A, B, C and D as being out of compliance with the best evidence rule, and being hearsay. Federal Rules of Evidence 1002 and 802.

10. Debtor objects to any testimony of the Creditor on the income and expenses of the Debtor. The parties have not resided together for years. The Creditor does not have personal knowledge of the Debtor's income and expenses.

11. Debtor objects to any testimony of the Creditor on the extent and value of the estate. The Creditor is not an expert. The Creditor does not have personal knowledge. For example, the Creditor does not have personal knowledge of the condition of any of the properties. The Debtor further respectfully points out that the exact value of the estate is immaterial to this case because (1) it is a 100% Plan, and (2) the value of any property that has to be sold will be determined by the amount a buyer is willing to pay for it.

This court previously directed the parties to state court for findings on the Creditor's claims. The state court has jurisdiction over divorce proceedings; this court

does not.  The Creditor is attempting to bring the divorce proceeding into this court by submitting piecemeal documentation from that proceeding.  The fair adjudication of the claims can only be made in state court where all of the documentation and other evidence is considered, including evidence of the Creditor's income, expenses, assets, and liabilities.  She might turn out to not be a Creditor at all.

Respectfully Submitted,

/s/ Carol Malz

Dated:  October 22, 2014    _____

Carol Malz, Esq. (NYND 510644)
554 Main Street
P.O. Box 1446
Oneonta, NY  13820
(607) 432-6932