**Hearing Date:** December 7, 2017, 9:30 a.m.
        **Hearing Location:** Utica, NY
        **Objections Due By:** November 30, 2017

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br>    Vincent D. Iocovozzi<br>        Debtor | **MOTION FOR APPROVAL**<br>**OF SETTLEMENT & CLAIMS**<br>CHAPTER 13<br>CASE NO. 13-62035-6-dd |

      Vincent D. Iocovozzi ("the Debtor"), through his attorney, Carol Malz, Esq., states as follows:

    1. That he filed a voluntary Chapter 13 petition in bankruptcy on December 20, 2013, and his Plan was confirmed on January 22, 2015.

    2. That the Plan provides a one hundred percent (100%) dividend to unsecured creditors.

    3. That the Plan anticipated funding of eighteen thousand dollars ($18,000.00) from the Debtor's legal malpractice action against his former divorce attorney.

    4. That by Order dated and entered July 28, 2014 (Docket no. 88), the Debtor was authorized to hire Lee S. Michaels, Esq., as his attorney in the legal malpractice attorney pursuant to the terms of the retainer agreement, and that no expenses are to be reimbursed or any compensation paid to Lee S. Michaels, Esq. until proper application has been made to the Court with notice to all creditors and an Order approving said compensation is entered.

    5. That by Order dated and entered June 25, 2017 (Docket no. 73), the Court determined the claims of the Debtor's wife, BonNette Iocovozzi (Claim nos. 10, 11, and 12), to be $1.00 each, subject to amendment by subsequent findings of the state supreme court.

    6. That both the legal malpractice action and the divorce action have been pending before Honorable Erin Gall, New York State Supreme Court Justice.

    7. That an additional defendant was added to the legal malpractice action.

8. That under the guidance of the Honorable Erin Gall, the parties have been negotiating settlements.

9. That the parties have reached settlements in both actions, pending approval of this Court.

10. That the settlement in the legal malpractice action provides the funds necessary to settle the divorce action.

11. That the settlement in the legal malpractice action would compensate Lee S. Michaels for his services.   That the Debtor would not owe any divorce attorney or Lee S. Michaels any further compensation.   That they are limited to what compensation is in the settlements.

12. That the settlement in the divorce action would result in the grant of a divorce after approximately eight years of litigation, which is in the best interest of both parties' mental and financial health.

13. That the divorce settlement will require that Dean Gordon, Esq., the attorney for BonNette Iocovozzi, issue and file a Satisfaction in Full for the outstanding order requiring the Debtor to pay for BonNette's Iocovozzi's legal fees and other costs.

14. That on this Court's approval of the settlements, the three claims of BonNette Iocovozzi (claim nos. 10, 11, and 12), are to be marked as paid in full outside of the Plan.

15. That the terms of the legal malpractice action are confidential in the state court, and the defendants do not admit any wrongdoing.   The undersigned has not been given permission to state any of the amounts.

16. That the legal malpractice action is due to alleged malpractice in the divorce action by two attorneys, which resulted in the Debtor being potentially liable for equitable distribution and maintenance that he otherwise would not have been liable for had the alleged malpractice not occurred.

17. That the potential liability of the defendants and their insurance carriers was therefore limited to the liability of the Debtor to BonNette Iocovozzi in the divorce action, plus his legal fees.

18. That while the settlement does not provide the anticipated $18,000.00 to the bankruptcy plan, it does resolve the claims of BonNette Iocovozzi and results in the parties finally being granted a divorce.

19. That the Debtor receives no funds from these settlements, but walks away with no further liability.

20. That further litigation runs the risk of there being less or no recovery in the legal malpractice action but having liability findings in the divorce, leaving the Debtor, and thus his bankruptcy estate, in a worse position.

21. That the Debtor will have to motion to modify his Plan to reduce the unsecured dividend in order to account for GPO's amended claim, for the foreclosure deficiency, of $145,579.92.  That it is submitted that not receiving $18,000.00 into the Plan is minor in comparison, even though that also lessens the dividend to be paid to unsecured creditors.

22. That Lee S. Michaels, Esq. will be submitting an affidavit that the fee he is to receive under the legal malpractice settlement is less than he would be due under the retainer agreement, but that his fee is nevertheless fully satisfied by it.

23. That the undersigned has read the transcripts of the settlements in both actions, and opines that the settlements are in the best interests of the Debtor.

WHEREFORE, the Debtor respectfully requests that the court approve the settlement of the legal malpractice action with compensation to Lee S. Michaels, Esq., thereby settling the divorce action, with the claims of BonNette Iocovozzi (claim nos. 10, 11, and 12) to be marked as paid in full outside the plan, and grant such other and further relief which the court deems just and proper.

Dated:   October 18, 2017					Respectfully Submitted,

/s/ Carol Malz
Carol Malz, Esq.   (NYND 510644)
Attorney for the Debtor
15476 State Highway 23
Davenport Center, NY 13751
(607) 278-5438