# CONTRACT FOR SALE AND PURCHASE OF REAL ESTATE

**THIS CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE** dated as of the ____ day of September, 2018 (the "Contract") is by and between **VINCENT G. IOCOVOZZI,** an individual residing at 203 2nd Avenue, Frankfort New York 13340, (the "Buyer"), and **VINCENT D. IOCOVOZZI**, an individual residing at 203 2nd Avenue, Frankfort New York 13340 (collectively the "Seller").

1. **AGREEMENT:**

The Sellers agree to sell, and the Buyers agree to purchase, for cash, the Premises under all terms and conditions stated herein.

2. **DESCRIPTION OF THE PREMISES:**

The property being sold and purchased is a two-family residential dwelling and real property situate at 335 South Washington Street, Village of Herkimer, County of Herkimer, and State of New York also referenced as CTM: 120.33-4-30 (the "Premises").

3. **TITLE DOCUMENTS:**

At least ten (10) days before the closing, Seller is to furnish a sufficient **Warranty Deed** to the premises, 20 year Bankruptcy Search, 10 year Tax Search, Tax receipts for current taxes, Water Search and original 40 year updated Abstract of Title showing good and marketable title, free from liens and encumbrances, excepting Zoning restrictions, restrictions of record, common driveways, all rights of way and easements of record, covenants, conditions and environmental protection laws, so long as the premises are not in violation thereof.

4. **EXISTING CONDITIONS**

The Seller shall convey the Premises in an "As-Is" condition subject to the terms of this contract, all covenants, conditions, restrictions and easements of record and zoning and environmental protection laws so long as the Premises are not in violation thereof and any of the foregoing does not prevent the intended use of the property for the purpose of residential/owner occupied use. The seller shall deliver the Purchasers vacant possession of said premises.

Notwithstanding the foregoing, Seller and Buyer acknowledge consideration for the purchase is reflective of the condition of the property and the property requires the following repairs:

1. New roof.
2. New boiler.
3. New carpet on first floor.
4. Second Floor residence is not suitable for living and repairs are necessary to meet applicable codes.
5. One new and updated bathrooms.

      6. New and updated kitchen.

**5.** **DISCHARGE OF LIENS**

Sellers may pay and discharge any liens and encumbrances not provided for herein out of the monies paid by Buyers on the transfer of title.

**6.** **CONDITION OF PREMISES**

In the case of any destruction within the meaning of the provisions of Section 5-1311 of the General Obligations Law of the State of New York entitled "Uniform Vendor and Purchaser Risk Act", said section shall apply to this contract.

**7.** **PROPERTY INCLUDED IN SALE OF PREMISES**

Except as set forth in paragraph 4 herein, the following items are to be in good working order and included in the sale: Washer, Dryer, Appliances, plumbing, heating, built-in bathroom and kitchen cabinets, ceiling fans, window treatments, lighting fixtures, air conditioning units, if any, Drapery Rods & Curtain Rods, Pumps, Wall-to-Wall Carpeting as placed, Storm Windows & Screens, Awnings, Water Softeners, Storm & Screen Doors, Alarm Systems, Garage Door Openers and Controls, Window Valances, TV Aerials, Shrubbery, Trees, Plants and Fencing in the ground, Fireplace Insert, Doors and/or Screens, Smoke Detectors, Carbon Monoxide Detectors, and any other fixtures of said premises, if any; if now in or on said Premises, are hereby represented to be owned by the Sellers, free from all liens and encumbrances.

**8.** **REAL ESTATE BROKER:**

Purchaser and Seller warrant and represent to one another that there are no real estate brokers involved in this transaction.

**9.** **DEPOSITS**

It is further agreed that the Seller's attorney shall hold any and all deposits made by the Buyers in an escrow account until date of closing, date of proper cancellation of this contract, or by written mutual consent of the parties, whichever shall first occur.

**10.** **ADJUSTMENTS**

Water and sewer charges are to be pro-rated and adjusted as of the date of transfer of title, unless otherwise agreed. Purchaser agrees to pay all property taxes currently due on the subject property.

**11.** **PURCHASE PRICE:**

The purchase price is Five Thousand and 00/100ths Dollars ($5,000.00) payable as follows:

    $ 5,000.00    cash or certified check upon transfer of title.

2

$ 5,000.00    **TOTAL PURCAHSE PRICE**

**12.    TITLE & SURVEY**

Sellers will, at their own cost and expense, at least twenty (20) days prior to the closing date, submit to Buyers, their attorney or the financing institution chosen by Buyers, and abstract of title, showing said property to have marketable title, free of liens and encumbrances, excepting restrictions and easements of record which are not violated by existing buildings on or present use of said property, together with appropriate tax searches and receipts and bankruptcy searches brought to the current date. The continuation of the abstract of title post-closing and any title insurance policy shall be obtained at Buyers' expense. The Buyers shall obtain, at their own cost and expense, a current survey of the Premises, if they choose to obtain one.

**13.    RIGHT OF INSPECTION AND ACCESS:**

Buyers shall be given the right of inspection of the Premises within twenty-four (24) hours prior to transfer of title at a reasonable hour to both parties.

**14.    EXPENSES:**

Each party shall be responsible for their own separate attorneys' fees, if any, in connection with this agreement and the transaction contemplated hereby.  Sellers shall be responsible for the payment of customary revenue stamps and New York State gains tax fee required by the appropriate county clerk as well as any real estate broker commissions, if any, in connection with the sale of said premises.  Buyers shall be responsible for the payment of the expenses for deed recording fees and filing charges, mortgage tax, title insurance, and inspection fees arranged by Buyers.

**15.    TRANSFER OF TITLE:**

Transfer of title is to be completed on or about <u>October 31, 2018,</u> at the offices of Jeffery T. Lottermoser, Jr., Esq., 25 Hopper Street, Utica, New York 13501, or the attorneys for the lender, or at another mutually convenient location and possession of said Premises shall be delivered at that time.

**16.    CONTINGENCIES:** Intentionally Omitted

**17.    EXPIRATION OF OFFER:**   Execution of this document by Buyers shall constitute an offer and will become a contract upon acceptance by Sellers.  The Buyers' offer set forth herein shall remain open up to and including 12:00 midnight following the fifth day after execution of this Contract.  If Sellers do not accept Buyers' offer set forth herein on or before said date, Buyers' offer set forth herein shall expire and be null and void whereupon Buyers' attorney shall promptly return Buyers' deposit.

**18.   NOTICE:**

All notices under this Contract shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid, return receipt requested, to the parties at their addresses listed below:

|  |  |
|---|---|
| If to Buyers: | Vincent G. Iocovozzi<br>203 2nd Ave<br>Frankfort, New York 13340 |
| If to Sellers: | Vincent D. Iocovozzi<br>203 2nd Ave<br>Frankfort, New York 13340 |
| With a Copy: | Jeffery T. Lottermoser, Jr., Esq.<br>25 Hopper Street<br>Utica, New York 13501 |
| With a Copy: | Carol Malz, Esq.<br>15476 State Highway 23<br>Davenport Center, New York 13751 |

**19.   ENTIRE AGREEMENT:**

This Contract contains all agreements of the parties hereto.  There are no promises, agreements, terms, conditions, warranties, representations or statements other than contained herein. This agreement shall apply to and bind the heirs, legal representatives, successors and assigns of the respective parties.  It may not be changed orally.

**20.   ATTORNEY APPROVAL:**

This agreement is contingent upon Purchasers and Seller obtaining approval of this agreement by their respective attorneys as to all matters contained therein, except for the amount of the purchase price.  This contingency shall be deemed waived unless Purchasers' or Seller's attorney, on behalf of their client notifies the other party or that party's attorney, in writing, of their disapproval of this contract no later than five (5) business days after this contract has been signed by both the Seller and the Purchasers.

**21.   MISCELLANEOUS:**

The word "Purchaser" shall mean Purchasers and the word "Seller" shall mean Sellers if appropriate under the circumstances.

**22.** **EXECUTION IN COUNTERPARTS**

This Contract may be executed by the parties in counterparts and shall be construed as if executed simultaneously with the other party.

**23.** **BANKRUPTCY COURT APPROVAL:**

This agreement is subject to Purchaser and Seller obtaining approval of this agreement by the Bankruptcy Court as to all matters contained therein

**IN WITNESS WHEREOF**, this Agreement has been executed by the parties as of the day and year shown above.

Buyer:                                                                 Sellers:

_____              _____
Vincent G. Iocovozzi                                        Vincent D. Iocovozzi



**Witness:**                                                        **Witness:**

_____              _____
By:                                                                       By: