**Date of Hearing:**    **December 18, 2018, 9:30 am**
                                                       **Place of Hearing:**    Utica, New York

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

In Re:                                                          Case No. 13-62035-6-dd
       **Vincent D. Iocovozzi**                        Chapter 13
             Debtor

---

## Objection to Motion of Berkshire Bank

The Debtor, Vincent D. Iocovozzi, through his attorney, Carol Malz, Esq., objects to the Motion of Berkshire Bank and states as follows:

1. That Berkshire Bank, f/k/a Rome Savings Bank, filed a Proof of Claim (Claim no. 17) on July 16, 2014.

2. That the claim was disallowed for having been filed untimely and also for being unsubstantiated. (Docket no. 170).

3. That the Debtor's first objection is that there is no basis for the Motion, and it should therefore be dismissed.

4. That Berkshire Bank already knows that the co-debtor stay does not apply. Otherwise, it would have been in violation of the stay by continuing the UCC filing in 2017 (Movant's Exhibit C).

5. That the undersigned did refuse to sign a stipulation that the co-debtor stay did not apply to the Funeral Home, because that could be interpreted as her acting as corporate counsel (which she is not), as was explained to Movant's counsel in October/November 2018. (*Contra* Movant's paragraph 17).

6. That as explained to Movant's counsel, Mary Iocovozzi, Esq. was the corporation's counsel, and the corporation is obtaining other counsel.

7. That the undersigned is not in a position to give Movant's counsel permission to do anything.

8. That the Debtor's second objection is that the Motion and the proposed Order are written as if this Court is rendering a decision as to whether Berkshire Bank has a valid claim against V.J. Iocovozzi Funeral Home, Inc. ("the Funeral Home").

9. That the Debtor respectfully submits that whether Berkshire Bank has a valid claim, and whether the Funeral Home has any defenses to the claim or counterclaims, are state court issues and should not be before this Court.

10. That again, the claim was disallowed in this case and there is no reason to now judge its merits.

11. That should the Court provide a comfort order to Berkshire Bank, it is respectfully submitted that it should include wording that the merits of the claim against the Funeral Home are not adjudged, and that the stay remains in place in regards to property of the Debtor, including the real estate titled to him.

12. That the Debtor's third objection is that any surplus from the sale of any asset belonging to the Funeral Home, belongs to the Funeral Home as it is a separate entity with its own creditors, as well as employee payroll.

13. That the Movant acknowledged that the Funeral Home is a separate entity in its Argument, but then has the Order "accounting" any surplus funds to the Debtor and the Trustee, and thus the Debtor's individual creditors.

14. That the Debtor is the owner of the Funeral Home, that is, owner of the "stock" or "shares" of the Funeral Home, as it is a corporation.

15. That previously, the value of the ownership was estimated in this bankruptcy on Schedule B, based on the corporation's assets and liabilities at that time. (As an ongoing business, the value of assets and the amount of liabilities fluctuates daily.)

16. That as with many businesses, the net value of the ownership is essentially the business's goodwill and the Debtor's ability to continue the business and create future income.

WHEREFORE, the Debtor, Vincent D. Iocovozzi requests that this Court (1) dismiss the motion of Berkshire Bank or, (2) should the Court provide a comfort order, that it include wording that the merits of the claim against the Funeral Home are not adjudged, and that the stay remains in place in regards to property of the Debtor, including the real estate titled to him; and (3) grant such other and further relief as it deems just and proper.

Respectfully Submitted,

Dated:   December 9, 2018

/s/ Carol Malz
Carol Malz, Esq.
(NYND # 510644)
15476 State Highway 23
Davenport Center, NY   13751
(607) 349-7925